UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,                )
                                         )
              Plaintiff,                  )
                                         )
v.                                       )      No.:   3:21-CR-19-TAV-DCP-2
                                         )
JAMES J. JOY,                            )
                                         )
              Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for a compassionate

release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 242].  The Federal Defender Services of

Eastern Tennessee filed a notice of no intent to supplement the pro se motion [Doc. 244].

The government responded in opposition [Doc. 247], and defendant replied [Doc. 251].

For the reasons set forth more fully below, defendant's motion for a sentence reduction

under § 3582(c)(1)(A) [Doc. 242] is **DENIED**.

I.     **Background**

On December 15, 2021, defendant pled guilty to conspiracy to distribute 100 grams

or more of heroin, 40 grams or more of fentanyl, and a quantity of carfentanil, in violation

of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Count 1), conspiracy to

distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21

U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Count 2), and possession of a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(C)

(Count 3) [Docs. 86, 91].  The Court sentenced defendant to a total of 120 months'

imprisonment, consisting of 60 months as to Counts 1 and 2, to run concurrently, and 60 months as to Count 3, to run consecutively [Doc. 141]. According to the Bureau of Prisons' website, defendant is presently scheduled for release on October 15, 2028. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed June 4, 2026).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). "One exception—commonly referred to as 'compassionate release'—permits the court to reduce a term of imprisonment if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'" *Rutherford v. United States*, 608 U.S. ___, slip op. at 1 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised this exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018); *Rutherford*, slip op. at 4. Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 242].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and

3

do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.  Analysis

### A.  Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'"  *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that the exhaustion requirement has been satisfied [Doc. 247, p. 2].  Accordingly, the Court will proceed to evaluate defendant's compassionate release request according to the three-step test explained above.

### B.  Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13."  *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).  This was so

4

because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion

5

district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)–(6).

Recently, the Supreme Court provided some guidance as to the meaning of the term "extraordinary and compelling." "The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" *Rutherford*, slip op. at 8. "'Compelling,' meanwhile, means 'tending to convince or convert by or as if by forcefulness of evidence.'" *Id.* "Putting these definitions together 'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Id.* at 8–9. Thus "[w]hile the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration." *Id.* at 11. Rather, "[t]heir meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." *Id.*

### 1. Validity of Conviction

Defendant's first ground for seeking compassionate release is his contention that his conviction under § 924(c) is "constitutionally and factually unsupported" [Doc. 242, pp. 2–3]. But the Supreme Court recently confirmed that "[a] prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. §2255, not 18 U.S.C. §3582." *Fernandez v. United States*, 608 U.S. ____, slip op. at 5 (2026). The Supreme Court noted that "[c]hallenging the validity of a conviction through a compassionate release motion circumvents the exacting requirements of §2255." *Id.*, slip op. at 7–8. Moreover, "[t]hat Congress has chosen to make §2255 a high bar is not a compelling reason to reduce the sentences of prisoners who fall short." *Id.*, slip op. at 10.

In light of the Supreme Court's decision in *Fernandez*, it is clear that the Court is not to consider any challenge to the validity of defendant's conviction as an extraordinary and compelling ground for relief under § 3582(c)(1)(A).

### 2. Change in Law

Next, in his reply brief, defendant suggests that he is eligible for relief under § 1B1.13(b)(6) of the Guidelines [Doc. 251, p. 2]. That section of the amended policy statement provides that non-retroactive changes in law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper*

*Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in § 1B1.13(b)(6) of the Guidelines, the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id.* at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

More recently, the Supreme Court addressed this issue and held that "Congress's nonretroactive change to §924(c)—considered by itself or in combination with other

8

factors—cannot make a prisoner eligible for compassionate release." *Rutherford*, slip op. at 16. The Court stated that, to the extent the Sentencing Guidelines' policy statement counsels otherwise, "the Commission's policy statement is invalid." *Id.* The Court specifically concluded that the disparity created by the amendment of § 924(c) does not satisfy § 3582(c)(1)(A)'s "extraordinary and compelling" requirement. *Id.* at 9. The Court reasoned that "[f]ar from 'extraordinary,' nonretroactive amendments to criminal penalties are the norm." *Id.* Further, the Court stated that "[i]t is hard to see how Congress's deliberate decision *not* to extend newly reduced penalties to those already sentenced could be a convincing reason that 'warrants' a reduction." *Id.* (emphasis in original) (alteration omitted). Further, the Court found that the nonretroactive change to § 924(c)'s sentencing scheme also "fall[s] well outside the heartland of compassionate release, which has long been defined by a prisoner's personal circumstances." *Id.* at 10. Accordingly, the Supreme Court concluded that the disparity that results from Congress's decision to leave a sentence untouched cannot serve as an extraordinary and compelling ground for relief under § 3582(c)(1)(A). *Id.* at 17.

In light of the Sixth Circuit's decision in *Bricker* and the Supreme Court's decision in *Rutherford*, it is clear that the Court is not to consider any non-retroactive change-of-law as an extraordinary and compelling ground for relief under § 3582(c)(1)(A).

### 3. Combination of Factors

Finally, defendant cites his rehabilitative efforts [Doc. 242, p. 4]. But rehabilitation "is not, by itself, an extraordinary and compelling reason for purposes of this policy

9

statement." U.S. SENT'G GUIDELINES MANUAL § 1B1.13(d). Because the Court has rejected defendant's remaining grounds in light of binding Supreme Court precedent, it therefore cannot properly consider defendant's rehabilitation in isolation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13(d).

Given that the Court has rejected defendant's extraordinary and compelling arguments, his request for compassionate release [Doc. 242] is hereby **DENIED**. Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion [Doc. 242] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE