UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
v.                                  )          No.:   3:21-CR-19-TAV-DCP-2
                                    )
JAMES J. JOY,                       )
                                    )
          Defendant.                )

### MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's counseled Motion for Order Noting Reduced Criminal History Points and Reducing Criminal History Category Under Guideline Amendment 821, Part A [Doc. 235]. The government has responded in opposition [Docs. 239, 250]. For the reasons set forth below, defendant's motion [Doc. 235] is **DENIED**.

In his motion, defendant seeks "an order setting out [his] amended criminal history score and resulting amended criminal history category" [Doc. 235, p. 1]. Specifically, defendant argues that, after Amendment 821 to the Sentencing Guidelines, which applies retroactively, his criminal history score has been reduced to 3, instead of 5, and therefore, his criminal history category is now II, rather than III [*Id*. at 1–2]. Defendant contends that this reduction "impacts his future guidelines in the event of a supervised release revocation and potentially impacts where and how he will serve his sentence" [*Id*. at 2]. In support of this request, defendant cites two cases as examples of orders acknowledging a reduced criminal history category but denying a sentence reduction [*Id*. at 3 (citing *United States v.*

*Zubia-Martinez, Jr.*, No. 1:14-cr-65, Doc. 114 (E.D. Tenn. Feb. 21, 2024) and *United States v. Edwards*, No. 2:21-cr-20439, Doc. 85 (E.D. Mich. Apr. 3, 2024)).

The government responds that the Court lacks authority to grant the requested relief, as 18 U.S.C. § 3582(c)(2), cited by defendant, does not authorize modification of a defendant's criminal history score when doing so would not reduce the term of imprisonment [Doc. 239, p. 1]. The government notes that defendant does not seek a sentence reduction and would not be eligible for one, because his existing sentence is the lowest term authorized by law [*Id*. at 1–2]. The government states that, if defendant wants the Bureau of Prisons ("BOP") to reconsider classification determinations, he must submit that request to the BOP and make only seek judicial review under 28 U.S.C. § 2241 after exhausting his administrative remedies, and even then, such request must be filed within the district of confinement, which is not this district [*Id*. at 2]. Because defendant is not eligible for relief under Amendment 821 and § 3582(c)(2), the government contends that his motion should be denied [*Id*. at 3].

The Court subsequently ordered the government to file a supplemental response specifically addressing the cases cited by defendant [Doc. 246]. The government supplemented its response, arguing that the nonprecedential court decisions cited by defendant do not confer authority upon this Court to alter a final criminal judgment [Doc. 250, p. 1]. The government further argued that the cases defendant cited, *Edwards* and *Zubia-Martinez*, did not address whether a district court could, or should, recalculate a defendant's criminal history category under Amendment 821 when the defendant is

2

ineligible for a lesser sentence [*Id.* at 2]. Thus, the government contends that neither *Zubia-Martinez* nor *Edwards* identify any legal basis for the Court to recalculate defendant's criminal history category under Amendment 821 when he is ineligible for a sentence reduction [*Id.* at 4].

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant does not directly cite § 3582(c)(2), because the relief he seeks is not a sentence reduction; however, he does cite sources relating to § 3582(c)(2) motions [*See* Doc. 235]. Likely, this is because a § 3582(c)(2) motion is the typical way changes under Amendment 821 to the Sentencing Guidelines are presented to the Court—that is, as a request for a sentence reduction under that statute based on the reduction to a defendant's criminal history category, and therefore, his guideline range. But, apparently recognizing that he does not qualify for a sentence reduction under § 3582(c)(2), based on the applicable mandatory minimum sentences in this case [*see* Revised Presentence Investigation Report ("PSR") ¶¶ 100–01], defendant does not actually request a sentence

reduction under § 3582(c)(2). Rather, defendant simply requests an order recognizing the changes to his criminal history category under Amendment 821 [*See* Doc. 235].

The problem, however, is that defendant cites no authority for the Court to issue such an order. Defendant does point to two cases, one from the Eastern District of Michigan, and one from this district. In the Eastern District of Michigan, defendant Jack Edwards filed a motion, similar to that filed by defendant in this case, requesting acknowledgment of the change in his criminal history score, despite the fact that he was ineligible for a sentence reduction [E.D. Michigan, CM/ECF, Case No. 2:21-cr-20439, Doc. 81]. The district court ordered the government to respond [*Id.*, Doc. 82]. Subsequently, defendant withdrew the motion, and the parties submitted a stipulation and proposed order indicating that defendant was not eligible for a sentence reduction under Amendment 821 [*Id.*, Docs. 83, 85]. In the stipulated order, the parties set forth how Amendment 821 would reduce defendant's criminal history category and guideline range [*Id.*, Doc. 85, p. 2]. The district judge signed the parties' stipulated order [*Id.*].

But here, the parties have not stipulated to entry of any order recalculating defendant's criminal history score in light of Amendment 821. And, notably, the parties in *Edwards* did not set forth any specific authority for the Court to enter such an order. Rather, it appears that the stipulated order was simply entered upon the parties' agreement.

Additionally, in *Zubia-Martinez*, the defendant filed a pro se motion for a sentence reduction under Amendment 821 and § 3582(c)(2) [Case No. 1:14-cr-65, Sealed Doc. 107]. After the government responded in opposition, the defendant replied that he "agree[d] with

the Government's position" that he did "not quality for a sentence reduction under Amendment 821" [*Id.*, Doc. 113, p. 2]. Nonetheless, defendant asserted that he was entitled to a reduction in his criminal history score because such would affect various BOP calculations [*Id.* at 3–4]. The district judge granted in part and denied in part defendant's motion, specifically denying a sentence reduction but granting defendant's request "insofar as he requests that the Court recognize that, pursuant to Amendment 821, his appropriate criminal history score should be 12 points" [*Id.*, Doc. 114].

The defendant in *Zubia-Martinez* subsequently filed a letter stating that he had not received credit in the BOP's calculations for the 1-point reduction in his criminal history score, and that BOP officials had informed him that "the Court must instruct the United States Probation Department to apply and change the one-point reduction authorized by Amendment 821" [*Id.*, Doc. 115]. The district judge denied the request, stating that, because Amendment 821 would not technically result in a reduced sentence, the Court was not authorized to order the probation office to reduce defendant's criminal history score [*Id.*, Doc. 116]. Nonetheless, the district judge recommended that the BOP "utilize a 12-point criminal history score in calculating Defendant's FSA Risk Assessment" [*Id.*].

Against this backdrop the Court notes the lack of any cited authority which would permit a court to acknowledge a reduced criminal history score under Amendment 821 even though the defendant did not qualify for a sentence reduction. Indeed, challenges to the BOP's calculation of a defendants First Step Act ("FSA") credits "are considered proper under the procedural mechanism of 28 U.SC. § 2241." *Sharma v. Peters*, 756

F. Supp. 3d 1271, 1274 (M.D. Ala. 2024); *see also Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485 (6th Cir. Jan. 21, 2025) (addressing the application of FSA credits on appeal from denial of a § 2241 petition); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023) (same); *White v. Dismas Charities, Inc.*, No. 3:25-cv-642, 2025 WL 3091703 (W.D. Ky. Oct. 31, 2025) (addressing a § 2241 petitioner challenging the BOP's calculation of FSA credits); *Frierson v. Rardin*, No. 2:24-cv-12456, 2025 WL 410072 (E.D. Mich. Feb. 5, 2025) (same). But jurisdiction over a § 2241 petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). And defendant is incarcerated and Federal Correctional Institution Elkton, in Lisbon, Ohio, which is not in this district. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed August 7, 2026).

Accordingly, rather than supporting defendant's position, the Court finds *Zubia-Martinez, Jr.* to be a cautionary tale. The district judge there granted the relief requested here, which, ultimately, led to further motions seeking relief outside the court's authority.

Having considered the parties' arguments, the Court finds that, because defendant has set forth no authority for the requested relief, his motion [Doc. 235] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6